UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
JAN 28 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
          DEPUTY CLERK

| | |
|---|---|
| BRAZOS RIVER AUTHORITY, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Civil Action No. W 03 CA 324 |
| § | |
| IONICS, INCORPORATED and § | |
| CAJUN CONSTRUCTORS, INC., § | |
| f/k/a CAJUN CONTRACTORS, INC. § | |
| § | |
| Defendants. § | |

## BRAZOS RIVER AUTHORITY'S TRIAL BRIEF REGARDING DEFENDANTS OBJECTIONS TO CAJUN'S CORPORATE REPRESENTATIVE'S TESTIMONY

Plaintiff Brazos River Authority ("BRA") files this trial brief regarding Defendant Cajun Constructors, Inc., f/k/a Cajun Contractors, Inc.'s ("Cajun") corporate representative's testimony.[1]

### I. PRELIMINARY STATEMENT

Defendants Ionics, Inc. ("Ionics") and Cajun Constructors, Inc. ("Cajun") have taken their game of "hide-the-ball" objections to a new level. Cajun has objected to the testimony of its own designated 30(b)(6) representative, Todd Grigsby ("Grigsby"), on the basis that he lacked personal knowledge of the facts in this case and that any testimony that he gives will be hearsay. Making such an objection is strange, to say the least, but the peculiarity escalated sharply when counsel for Ionics rushed to Cajun's aid. Ionics feverishly argued that they will be unfairly prejudiced if Grigsby is allowed to testify, because he allegedly has no personal knowledge of the facts in this case.[2]

---

[1] As requested by the Court, a List of Supporting Authorities is attached as "Exhibit A."

[2] It is difficult to understand how a witness who allegedly *does not know anything* can be so dangerous.

BRAZOS RIVER AUTHORITY'S TRIAL BRIEF REGARDING DEFENDANTS'
OBJECTIONS TO CAJUN'S CORPORATE REPRESENTATIVE'S TESTIMONY -- Page 1



## II. IONICS' OBJECTION SHOULD BE OVERRULED BECAUSE IT IS UNTIMELY.

Cajun made its objections to Grigsby's testimony in its pretrial filings in September 2004, filed a Motion in Limine on the same issue, and discussed this matter in open court at the evidentiary hearing on Tuesday, January 25, 2005. Conversely, Ionics *never* moved to limine Grigsby's testimony on grounds that he lacked sufficient personal knowledge (or any other grounds, for that matter). Of course, neither Cajun nor Ionics moved to quash or filed objections to BRA's Rule 30(b)(6) deposition notice, pursuant to which Cajun voluntarily designated Grigsby as its corporate representative. Similarly, neither Cajun nor Ionics objected to Grigsby's testimony at the time of his deposition held in July 2004 (counsel for Ionics was present the entire time). Now, in the middle of trial and in the middle of Grigsby's testimony in front of the jury, Cajun and Ionics jump up and scream that Grigsby is unqualified, lacks personal knowledge and never should have been designated as a corporate representative in the first place. Such late objections are untimely and any consideration of them at this time would be highly prejudicial and unfair to BRA.

## III. IONICS' AND CAJUN'S OBJECTIONS ARE BASELESS.

Cajun claims that Grigsby, who spoke for the company at its 30(b)(6) deposition and who has attended every day of this trial as Cajun's corporate representative, is unqualified to testify under Fed. R. Evid. 602 ("Rule 602") because he lacks personal knowledge of the facts and circumstances in this lawsuit. Cajun further objects to Grigsby's testimony (both live and by deposition) as being inadmissible hearsay under Fed. R. Evid. 801 ("Rule 801") because his knowledge regarding this controversy was obtained from reviewing documents prepared by others and speaking with those who were involved in the EDR retrofit project at issue in this

case. Presumably, Ionics makes the same objections.[3]  Neither Rule applies to Grigsby's testimony, however.

As a party representative and as one of the vice presidents of Cajun, the statements in Grigsby's deposition and any live testimony he gives would qualify as an admission by a party opponent, and therefore, not constitute hearsay under Fed. R. Evid. 802(d)(2). Rule 602 also does not apply because under controlling Fifth Circuit law, personal knowledge is not required for an admission of a party opponent.[4]  Interestingly, Ionics used this well-established principle to support an argument in its trial brief filed on January 26, 2005 (just one day before arguing the opposite position to exclude Grigsby's testimony).[5]

Likewise, a 30(b)(6) witness may testify regarding matters outside his personal knowledge. In fact, a corporate representative's testimony commonly exceeds the witness' personal knowledge and may concern virtually any corporate function.[6]  If 30(b)(6) witnesses could only testify as to their personal knowledge, then the purpose of the Rule would be frustrated. The Rule was "designed to reduce difficulties…in designating the proper corporate officer or agent and to avoid the possibility that several officers and managing agents might be

---

[3] Or, at least, Ionics appears to have made the same objection. As stated above, Ionics failed to object to Grigsby's testimony by the date specified in this Court's Amended Scheduling Order. BRA makes the assumption that Ionics objects on the same grounds asserted by Cajun based on counsel for Ionics' repeated recitation of Rule 602.

[4] *See Owens v. Atchison, T. & S. F. Ry. Co.*, 393 F.2d 77 (5th Cir. 1968) (there is no need to lay a predicate for an admission of a party opponent. "[a]ll that is needed is an authoritative statement by the adversary inconsistent with the contemporary litigation position."). *See also Grace v. Keystone Shipping Co.*, 805 F. Supp. 436, 443 (E.D. Tex. 1992) (no personal knowledge required for an admission of a party opponent).

[5] In Ionics' Trial Brief on the Admissibility of Documents Containing Inconsistent Statements and Admissions in Connection with BRA's Property Insurance and Sworn Claim, p. 6. (citing the Advisory Committee Notes to FED. R. EVID. 801, ""[N]o guarantee of trustworthiness is required in the case of an admission' and that admissions enjoy 'freedom…from the restrictive influences of the opinion rule and the rule requiring *first-hand knowledge*.'") (emphasis added).

[6] *See PPM Finance, Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 894-95 (7th Cir. 2004) (a person designated under Rule 30(b)(6) can testify as to matters outside his personal knowledge as long as they are "within the corporate rubric"); *See also Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494 (D.Md. 2000) (a corporation has a duty under Rule 30(b)(6) to prepare its deposition designees so that they can give knowledgeable and binding answers, and this duty goes beyond matters personally known to the designees).

**BRAZOS RIVER AUTHORITY'S TRIAL BRIEF REGARDING DEFENDANTS'
OBJECTIONS TO CAJUN'S CORPORATE REPRESENTATIVE'S TESTIMONY** -- Page 3

deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself."[7]

As an alternative to using Cajun's designated corporate representative, both Cajun and Ionics suggest that BRA should have tracked down people listed in Cajun's Interrogatories as having relevant knowledge, depose each one of them, and then somehow assimilate Cajun's corporate knowledge in a manner that may be presented at trial (incidentally, these persons were no longer employed by Cajun at the time of Grigsby's deposition). BRA had no reason to believe that such a goose-chase was necessary. BRA noticed Cajun's 30(b)(6) deposition on June 11, 2004 requesting that Cajun produce a representative prepared to testify on certain topics including agreements between BRA, Ionics, Cajun and/or HDR, the work performed by Cajun at the BRA EDR facility and problems with the retrofit of the EDR system at the BRA EDR facility.[8] Grigsby appeared on behalf of Cajun and answered nearly every one of BRA's questions. At the outset of his deposition, Grigsby testified that he understood that he was the corporate representative for Cajun and stated that he was the best person to answer for Cajun on each of the 14 topics listed by BRA.[9] He also understood that his answers would be binding on the corporation.[10] Later in his deposition, he testified regarding several key issues in this case and did not claim that a lack of personal knowledge prevented him from answering.[11]

---

[7] *See* Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2103.

[8] *See* Plaintiff's Tr. Ex. 271.

[9] *See* Grigsby Depo. at 5:9 – 6:4; 6:19-6:21.

[10] *See* Grigsby Depo. at 6:5 – 6:10.

[11] *See e.g.* Grigsby Depo. at 46:17 – 50:9 (discussing Cajun's rights and responsibilities under its contract with BRA and Cajun's indemnification of BRA and Ionics under the each contract).

<u>**BRAZOS RIVER AUTHORITY'S TRIAL BRIEF REGARDING DEFENDANTS'**</u>
<u>**OBJECTIONS TO CAJUN'S CORPORATE REPRESENTATIVE'S TESTIMONY**</u> -- Page 4

### IV. A PARTY SHOULD NOT BE ABLE TO EXCLUDE THE TESTIMONY OF ITS OWN 30(B)(6) WITNESS ON LACK OF PERSONAL KNOWLEDGE AND/OR HEARSAY GROUNDS.

Allowing parties to exclude their own 30(b)(6) witnesses on lack of personal knowledge and hearsay grounds, would produce unacceptable results. Parties would then be encouraged to send the least knowledgeable person in a company because they would suffer virtually no consequences for doing so.[12] In this case, Ionics and Cajun should not be awarded for making baseless objections. Cajun proffered an employee that gave binding sworn testimony and now claims that his testimony is inadmissible because the witness was not adequately prepared. If parties could expect to be able to exclude 30(b)(6) testimony at trial simply by producing uninformed witnesses for deposition, it would be difficult to conduct meaningful discovery.[13] Instead, the Court should require Cajun to offer Grigsby as its 30(b)(6) representative to testify at trial. At a very minimum, BRA should be allowed to pre-admit Grigsby's entire deposition.[14]

### V. CONCLUSION

For the reasons stated above, BRA respectfully requests that the Court overrule Defendants' objections to Grigsby's testimony as Cajun's 30(b)(6) witness.

---

[12] *Black Horse Lane Assoc. v. Dow Chemical Corp.*, 228 F.3d 275 (3rd Cir. 2000) (the purpose of Rule 30(b)(6) would be entirely frustrated if corporations were allowed to provide witnesses who have no relevant knowledge).

[13] *Resolution Trust Co. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993). ("When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent. If the agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all").

[14] *Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187, 1193 n.21 (5th Cir. 1983). ("The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.").

                Respectfully submitted,

                _____
                Mark K. Sales
                State Bar No. 17532050
                James A. Baker
                State Bar No. 00000033
                Clifton T. Hutchinson
                State Bar No. 10347500
                Bart Sloan
                State Bar No. 00788430

                HUGHES & LUCE, L.L.P.
                1717 Main Street, Suite 2800
                Dallas, Texas 75201
                214-939-5500  (Telephone)
                214-939-6100  (Fax)

                **ATTORNEYS FOR PLAINTIFF**
                **BRAZOS RIVER AUTHORITY**

## CERTIFICATE OF SERVICE

     A true and correct copy of the foregoing was served on counsel of record on January 28, 2005.

                _____
                Counsel for Plaintiff BRA

LIST OF SUPPORTING AUTHORITIES

Advisory Committee Notes to Federal Rule of Evidence 801(d)(2) ("No guarantee of trustworthiness is required in the case of an admission.... [A]dmissions have enjoyed [freedom] from ... the restrictive influences of the opinion rule and the rule requiring first-hand knowledge.")

*Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187, 1194 n.21 (5th Cir. 1983) (the deposition of a person designated under Rule 30(b)(6) may be used by an adverse party for any purpose).

*Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 96 (3d Cir. 1999) ("Admissions by a party-opponent need not be based on personal knowledge to be admitted under Rule 801(d)(2).")

*Black Horse Lane Ass'n v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000) (the purpose of Rule 30(b)(6) would be entirely frustrated if corporations were allowed to provide witnesses who have no relevant knowledge).

*Cox v. Esso Shipping Co.*, 247 F.2d 629, 632 (5th Cir. 1957) (no need to establish the usual predicates for an admission by a party opponent)

*Employers Mut. Cas. Co. of Des Moines v. Mosqueda*, 317 F.2d 609, 612-13 (5th Cir. 1963) (no need to establish the usual predicates for an admission by a party opponent)

*Grace v. Keystone Shipping Co.*, 805 F. Supp. 436, 443 (E.D. Tex. 1992) (no personal knowledge required for an admission of a party opponent).

*McLellan Highway Corp. v. United States*, 95 F. Supp. 2d 1, 10 (D. Mass 2000) ("Rule 30(b)(6) permits designated persons without personal knowledge to testify on behalf of a corporation on matters within the corporation's knowledge.")

*Med. Alert Found. U.S., Inc. v. Corel Corp.*, 43 F. Supp. 2d 933, 942 n.2 (N.D. Ill. 1999) (a person designated under Rule 30(b)(6) can testify as to the matters within the company's knowledge, not just those things within the person's knowledge).

*Owens v. Atchison, T. & S. F. Ry. Co.*, 393 F.2d 77, 79 (5th Cir. 1968) (There is no need to lay a predicate for an admission of a party opponent. "All that is needed is an authoritative statement by the adversary inconsistent with the contemporary litigation position.").

*Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494 (D.Md. 2000) ("The individuals [deposed pursuant to Rule 30(b)(6)] are required to testify as to the knowledge of the corporation, not the individual.").



*PPM Fin., Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 894-95 (7th Cir. 2004) (a person designated under Rule 30(b)(6) can testify as to matters outside his personal knowledge as long as they are within the corporate rubric).

*Resolution Trust Co. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) ("When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent. If the agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.")

*Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("[T]he court finds defendant is not required to designate someone with personal knowledge to appear on its behalf at the Rule 30(b)(6) deposition.")

*Soc'y of the Roman Catholic Church of the Diocese of Lafayette, Inc. v. Interstate Fire & Cas. Co.*, 126 F.3d 727, 733 n.3 (5th Cir. 1997) (admissions by a party-opponent need not be based on personal knowledge).

*United States v. Ammar*, 714 F.2d 238, 254 (3d Cir.), *cert. denied*, 464 U.S. 936 (1983) (finding it clear from the Advisory Committee Notes that personal knowledge is not a requirement to admit admissions by a party opponent)

8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2103 (Corporation has a duty to prepare its witness for the Rule 30(b)(6) deposition, and this duty goes beyond matters within the personal knowledge of the witness) ("Rule 30(b)(6) was designed to reduce difficulties that occurred before 1970 in designating the proper corporate officer or agent and to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself.")